# Ashton *v.* Clapier.

[ JANUARY 20, 1851. ]

In replevin for rent, set-off is not allowable, except under the act of assembly, which applies only to cases under one hundred dollars.

ERROR to the District Court of Philadelphia.

Action on the case for an excessive distress. The amount of rent distrained for was $195, being a balance of one year's rent, due April 1st, 1841. The tenant offered to set off a claim of $220, against the rent due; Mrs. Clapier, however, refused to allow it out of the current year's rent. On the trial before STROUD, J., the defendant's counsel requested the court to charge the jury that the plaintiff was not entitled to extinguish the claim for rent due by a set-off, unless it was proved that the defendant agreed to it. The court said,—" this is the law; mutual accounts are not payments, and unless the defendant agreed to allow this bill, it was not an extinguishment of the rent: therefore, if the defendant refused to allow this bill, the distress was legal." This charge was here assigned for error.

*F. E. Brewster*, for plaintiff in error.
*Emlen*, contra.

ROGERS, J.—In replevin for rent, set-off is not allowable, except under the act of assembly, which applies only to cases under one hundred dollars. The act leaves the law of set-off, above that amount, as before. The only question, then, is, is the mutual account, under the circumstances of this case, a payment or satisfaction of the rent? And this, as the court truly say, has been repeatedly decided in the negative. The acknowledgment, that the set-off was just, is nothing, unless she expressly agreed to allow the set-off, and this, it is conceded, she refused to do.

Judgment affirmed.